✓ FILED
___LODGED
___RECEIVED

**March 11, 2005**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

RICHARD LON PARRISH,

      Debtor.

No. 99-37687

RICHARD LON PARRISH,

      Plaintiff,

v.

SEIGI CHAVEZ and SHIRLEY CHAVEZ,
husband and wife,

      Defendants.

Adversary No. 04-4072

**MEMORANDUM DECISION**

    Trial was held in this matter on March 2, 2005. Richard Lon Parrish (Debtor/Plaintiff), in accordance with his complaint, seeks a finding that Seigi Chavez and Shirley Chavez (Defendants) committed a willful violation of the automatic stay and to recover his actual damages, including costs and attorney fees, plus punitive damages pursuant to 11 U.S.C. § 362(h). Based on the evidence and arguments presented, and considering the pleadings and exhibits submitted, the Court's findings of fact and conclusions of law are as follows:

### FINDINGS OF FACT

    On December 5, 1994, the Defendants entered into a real estate contract for the sale of the real property and improvements located at 12012 NE Grinnell Rd., Woodland, Washington (Property), to the Debtor. On September 23, 1999, the Debtor filed a

MEMORANDUM DECISION - 1

voluntary Chapter 13 bankruptcy petition. At the time of filing, the Debtor was in default on his obligations to the Defendants under the real estate contract. The Defendants were represented in the Debtor's bankruptcy case by counsel. On the Defendants' behalf, their counsel participated in the bankruptcy case.

On August 15, 2003, the Chapter 13 Trustee filed a motion to dismiss the Debtor's bankruptcy case. After receiving notice of the Trustee's pending dismissal motion, the Defendants sent their counsel a letter dated September 29, 2003, informing her of the motion to dismiss and requesting that she commence a contract forfeiture proceeding. The Debtor filed an objection to the Trustee's dismissal motion and on October 9, 2003, the Trustee withdrew her motion.

Without ascertaining whether the Chapter 13 case had been dismissed, or first seeking relief from stay, counsel on the Defendants' behalf, prepared and filed a Notice of Intent to Forfeit the Debtor's Property in the Clark County Recorder's Office on March 3, 2004. The Notice of Intent to Forfeit stated that a failure to cure all defaults prior to June 3, 2004, would result in a forfeiture of the real estate contract.

The Debtor filed the present adversary proceeding on April 12, 2004. Neither the Debtor nor his counsel contacted counsel for the Defendants regarding the alleged stay violation prior to filing the adversary proceeding. The Defendants, through counsel, filed a Notice of Appearance and answer to the Debtor's complaint on May 7, 2004.

On May 7, 2004, the Debtor's counsel sent the Defendants' counsel a letter requesting that the forfeiture proceeding be discontinued and informing her that failure to do so was a continuing violation of the bankruptcy stay. The letter also indicated that if the forfeiture was not discontinued by May 14, 2004, an injunction would be sought. The Defendants' counsel failed to respond or take any further action by May 14, 2004.

On May 17, 2004, the Debtor's counsel mailed and faxed another letter to the Defendants' counsel enclosing copies of the pleadings regarding the motion for temporary restraining order and preliminary injunction, and once again requesting that she contact

MEMORANDUM DECISION - 2

1  him so that the matter could be resolved without further litigation. Once again the
2  Defendants' counsel failed to respond and on May 19, 2004, the Court entered a
3  Temporary Restraining Order against the Defendants. The order required the Debtor to
4  file and serve a notice of preliminary injunction by May 21, 2004, to be heard by this Court
5  on May 27, 2004. An amended motion for preliminary injunction was filed by the Debtor
6  on May 21, 2004. On May 22, 2004, the Defendants' counsel faxed Debtor's counsel a
7  copy of a Notice of Discontinuance of Forfeiture that was filed with the Clark County
8  Recorder's Office on May 21, 2004 at 4:48 p.m.

## CONCLUSIONS OF LAW

10  The Defendants acknowledge that their actions, through their counsel, in
11  commencing a forfeiture proceeding against the Property constitute a willful violation of the
12  stay. A violation of the stay is willful if (1) the creditor knew of the stay, and (2) the
13  creditor's actions, which violated the stay, were intentional. In re Pinkstaff, 974 F.2d 113,
14  115 (9th Cir. 1992). Proof of specific intent to violate the stay is not necessary, nor is a
15  good faith belief that the stay is not being violated relevant. Campion v. Associated Credit
16  Servs., Inc. (In re Campion), 294 B.R. 313, 316 (9th Cir. BAP 2003). The only remaining
17  issue is the proper amount of damages.

18  11 U.S.C. § 362(h) provides: "An individual injured by any willful violation of a stay
19  provided by this section shall recover actual damages, including costs and attorneys' fees,
20  and, in appropriate circumstances, may recover punitive damages." The Debtor alleges
21  that he suffered actual damages attributable to the stay violation in the form of loss of a job
22  opportunity, impairment of his relationship with the tenant on the Property, and emotional
23  distress. The Court concludes that none of these damages were established by a
24  preponderance of the evidence or are even causally linked to the stay violation.

25  For instance, the Debtor alleged at trial that he experienced actual damages in
26  refusing an out-of-state job that allegedly would have paid him $7,000 per month because
27  he was afraid to even temporarily leave his Property for fear that the Defendants would
28  MEMORANDUM DECISION - 3

forfeit his interest. The Debtor's testimony was not credible, nor was any proof provided to substantiate any of the Debtor's allegations. The Debtor testified that this out-of-state job was not to begin until June 21, 2004. The Notice of Discontinuance of Forfeiture, however, was filed on May 21, 2004. It is not realistic for the Debtor to argue that he would refuse a job paying such a substantial salary out of fear that the Property would be foreclosed upon in his absence, when the forfeiture was discontinued a month prior to the date the job was to commence. This is especially true where the Debtor was represented at all times by competent bankruptcy counsel who was already actively protecting his interest in the Property.

The Debtor also alleged that he suffered damages as a result of a deterioration of his relationship with the tenant on the Property. Although there is evidence that this relationship is now strained, there is no evidence that it is attributable to the stay violation. The more credible evidence indicated that this landlord/tenant relationship had been strained for quite some time.

The same is true of the Debtor's entitlement to emotional distress damages. To recover damages for emotional distress under 11 U.S.C. § 362(h), an individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that harm and the violation of the automatic stay. Dawson v. Washington Mutual Bank, F.A. (In re Dawson), 390 F.3d 1139, 1149 (9th Cir. 2004). The Debtor has not established these standards.

The Debtor admits in his pleadings that he was "distressed" over the Defendants' actions, but that he did not suffer any "horrible emotional distress which caused hospitalization or any other kind of professional treatment." (Trial Brief p. 6). Merely being distressed, however, does not warrant an emotional distress damages claim. As stated in Dawson, "[f]leeting or trivial anxiety or distress does not suffice to support an award; instead, an individual must suffer significant emotional harm." Dawson, 390 F.3d at 1149. The Debtor also failed to provide any corroborating evidence, such as medical bills or

MEMORANDUM DECISION - 4

otherwise, to establish that any harm suffered by the Debtor was substantial or, if any harm did occur, that it was proximately caused by the stay violation. Further, this is not a case where it is obvious, even without such evidence, that a reasonable person would suffer significant emotional harm. Dawson, 390 F.3d at 1150-51.

The Debtor has also alleged that an award of punitive damages is warranted. 11 U.S.C. § 362(h) provides that an individual injured by a willful stay violation may recover punitive damages in appropriate circumstances. Punitive damages will be warranted only when the conduct complained of was "malicious, wanton or oppressive." Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 590 (9th Cir. BAP 1995). The Ninth Circuit has held that it has "traditionally been reluctant to grant punitive damages absent some showing of reckless or callous disregard for the law or rights of others." Goichman v. Bloom (In re Bloom), 875 F.2d 224, 228 (9th Cir. 1989).

The Court recognizes that punitive damages are generally not awarded absent actual damages. See In re McHenry, 179 B.R. 165, 168 (9th Cir. BAP 1995). There are no actual damages in this case, other than attorney fees and costs. The Court, however, cannot ignore the Defendants' repeated failure to take corrective action. Although still a willful violation of the stay, it may have been mere carelessness by the Defendants' counsel in not ensuring that the stay was lifted or the bankruptcy case had been dismissed, prior to commencing the forfeiture proceeding. If she had immediately discontinued the forfeiture upon being made aware of this error, no punitive damages would be warranted. However, this is not what occurred. Rather, the Debtor was forced to make repeated attempts to advise the Defendants' counsel of the error and seek corrective action. On several occasions, the Defendants' counsel was asked by letter to contact the Debtor's counsel so that further litigation could be avoided. Inexplicably these requests went unanswered. This failure to respond forced the Debtor to file further pleadings and incur additional fees as the scheduled forfeiture date drew closer. The Court concludes that the Defendants' unresponsiveness was a reckless disregard for the Debtor's rights.

MEMORANDUM DECISION - 5

On the other hand, the Debtor filed an adversary proceeding without first making any attempt to resolve the matter without litigation. Although such efforts may have been futile in this case, this Court has repeatedly encouraged all parties to at least attempt to resolve such matters without court action. Based on the facts of this case, the Court concludes that a punitive damage award of $500 is appropriate.

There also remains the issue of the Debtor's entitlement to an award of fees and costs. "The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay." In re Ramirez, 183 B.R. at 589. The Defendants have admitted that the Debtor is entitled to compensation for fees that were reasonably incurred as a result of the willful stay violation. See Stainton v. Lee (In re Stainton), 139 B.R. 232, 235 (9th Cir. BAP 1992). No evidence has been presented on the issue of the reasonableness of the attorney fees and costs. This issue is reserved for further hearing. The Debtor has 14 days from the date of this decision to file and note for hearing a request for fees and costs pursuant to 11 U.S.C. § 362(h).

DATED:      March 11, 2005

Paul B. Snyder
U.S. Bankruptcy Judge

CERTIFICATE OF MAILING: I CERTIFY I MAILED COPIES OF
THE FOREGOING TO Richard Ross, Randall Stewart

DATED: March 11, 2005

BY:     Shaeen Utley

MEMORANDUM DECISION - 6