✓ FILED
___ LODGED
___ RECEIVED

**May 24, 2005**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>RICHARD LON PARRISH,<br>Debtor. | No. 99-37687 |
| RICHARD LON PARRISH,<br>Plaintiff,<br>v.<br>SEIGI CHAVEZ and SHIRLEY CHAVEZ, husband and wife,<br>Defendants. | Adversary No. 04-4072<br><br>**MEMORANDUM DECISION**[1]<br><br>**NOT FOR PUBLICATION** |

This matter came before the Court on May 4, 2005, on Plaintiff's Motion for Attorneys' Fees and Costs filed by Richard Lon Parrish (Debtor). Based on the evidence and arguments presented, and considering the pleadings and exhibits submitted, the Court's findings of fact and conclusions of law are as follows:

**FINDINGS OF FACT**

On December 5, 1994, Seigi Chavez and Shirley Chavez (Defendants) entered into a real estate contract for the sale of the real property and improvements located at 12012 NE Grinnell Road, Woodland, Washington (Property) to the Debtor. On September 23,

---

[1]This disposition is not appropriate for publication and may not be cited to, except when relevant under the doctrines of law of the case, res judicata or collateral estoppel.

MEMORANDUM DECISION - 1

1999, the Debtor, through counsel, filed a voluntary Chapter 13 bankruptcy petition. At the time of filing, the Debtor was in default on his obligations to the Defendants under the real estate contract.

On August 15, 2003, the Chapter 13 Trustee (Trustee) filed a motion to dismiss the Debtor's bankruptcy case. After receiving notice of the Trustee's pending dismissal motion, the Defendants sent their former counsel a letter dated September 29, 2003, informing her of the motion to dismiss and requesting that she commence a contract forfeiture proceeding. The Debtor filed an objection to the Trustee's dismissal motion and on October 9, 2003, the Trustee withdrew her motion.

Without ascertaining whether the Chapter 13 case had been dismissed, or first seeking relief from stay, Defendants filed a Notice of Intent to Forfeit the Debtor's Property in the Clark County Recorder's Office on March 3, 2004. The Notice of Intent to Forfeit stated that a failure to cure all defaults prior to June 3, 2004, would result in a forfeiture of the real estate contract.

On April 12, 2004, the Debtor filed the present adversary proceeding alleging that the Defendants committed a willful violation of the automatic stay and to recover his actual damages, including costs and attorney fees, plus punitive damages pursuant to 11 U.S.C. § 362(h). Neither the Debtor nor his counsel contacted the former counsel for the Defendants regarding the alleged stay violation prior to filing the adversary proceeding. The Defendants, through their former counsel, filed a Notice of Appearance and answer to the Debtor's complaint on May 7, 2004.

On May 7, 2004, the Debtor's counsel sent the Defendants' counsel a letter requesting that the forfeiture proceeding be discontinued and informing her that failure to do so was a continuing violation of the bankruptcy stay. Enclosed was a copy of a Motion for Sanctions that Debtor's counsel stated he intended to file if the answer was not amended within 21 days to admit paragraphs 7 and 8 of the complaint. The letter also

MEMORANDUM DECISION - 2

indicated that if the forfeiture was not discontinued by May 14, 2004, an injunction would be sought. The Defendants' counsel failed to respond or take any action by May 14, 2004.

On May 17, 2004, the Debtor's counsel mailed and faxed another letter to the Defendants' counsel enclosing copies of the pleadings regarding the motion for temporary restraining order and preliminary injunction, and again requested that she contact him so that the matter could be resolved without further litigation. Once again the Defendants' former counsel failed to respond, and on May 19, 2004, the Court entered a Temporary Restraining Order against the Defendants. The order required the Debtor to file and serve a notice of preliminary injunction by May 21, 2004, to be heard by this Court on May 27, 2004. An amended motion for preliminary injunction was filed by the Debtor on May 21, 2004. On May 22, 2004, the Defendants' former counsel faxed Debtor's counsel a copy of a Notice of Discontinuance of Forfeiture that was filed with the Clark County Recorder's Office on May 21, 2004 at 4:48 p.m. On July 6, 2004, the Defendants' current counsel substituted into this proceeding.

Trial was held in this matter on March 2, 2005. On March 11, 2005, the Court filed a Memorandum Decision and Order Denying Actual Damages, Awarding Punitive Damages and Reserving Ruling on Attorney Fees and Costs (Order).

This Court's Memorandum Decision and Order recognized the Debtor's entitlement to an award of attorney fees and costs because of the Defendants' willful stay violation. The Court reserved the issue of the amount of attorney fees to be awarded. The Debtor subsequently filed the present motion seeking attorney fees of $11,835, and costs of $30. A hearing on the fee request was held on May 4, 2005, wherein counsel for the Debtor requested $450 in additional fees for preparation for and attendance at the May 4, 2005, hearing. This amount represents two hours of attorney time billed at $225 per hour. Accordingly, the total amount of attorney fees requested is $12,285, and $30 for costs.

MEMORANDUM DECISION - 3

## CONCLUSIONS OF LAW

11 U.S.C. § 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." "The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay." Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 589 (9th Cir. BAP 1995) (citing In re Taylor, 884 F.2d 478, 483 (9th Cir. 1989)).

The Defendants have acknowledged that the Debtor is entitled to compensation for attorney fees under 11 U.S.C. § 362(h). The Defendants, however, correctly argue that any fee award must also be reasonable. Under the plain language of 11 U.S.C. § 362(h), the injured party must be awarded the entire amount of actual damages "reasonably incurred as a result of a violation of the automatic stay." Stainton v. Lee (In re Stainton), 139 B.R. 232, 235 (9th Cir. BAP 1992). The Ninth Circuit Bankruptcy Appellate Panel indicates that this Court should apply the standards of 11 U.S.C. § 330 in determining the reasonableness of fees to be awarded for a 11 U.S.C. § 362(h) violation. In re Roman, 283 B.R. 1, 11 (9th Cir. BAP 2002).

The Defendants generally challenge the attorney fee request by arguing that the attorney time spent was excessive, and that the litigious course of action taken by the Debtor's attorney was unnecessary. The Court will examine each of the challenges to determine if the fees are properly allowed under 11 U.S.C. § 362(h).

The Defendants first argue that it was unreasonable for Debtor's counsel to prepare and file an adversary proceeding without first attempting to contact the Defendants and resolve this matter without litigation. Responding to the Defendants' complaints, Debtor's counsel stated that it has been his practice to proceed in this manner because past experience has demonstrated that creditors will generally ignore any requests short of a lawsuit. Additionally, based on the repeated failure of Defendants' counsel to take any

MEMORANDUM DECISION - 4

corrective action in this case, it is very likely that such a request would have gone unanswered. The evidence is persuasive that the attorney time spent preparing the summons and complaint was minimal. According to the time records submitted, counsel spent only 1.75 hours in preparing and filing the complaint and .25 hours in obtaining and arranging for service of the summons. The Court concludes that the attorney fees incurred in preparing and commencing the lawsuit are reasonable.

Although the Court does not fault the approach taken in this instance, it would appear that in most circumstances a less litigious approach may initially be more appropriate. For instance, the debtor might send the creditor a letter advising it of the stay violation, and offering to resolve the matter without litigation if it immediately discontinues the act complained of and agrees to pay the attorney fees already incurred. The Court understands that this approach may not be effective in all situations. A lesson that can be taken from this case, however, is that a prudent creditor would do well not to ignore the violation, but instead minimize the costs of its transgression by making the debtor whole immediately.

The next issue is whether it was reasonable for the Debtor to incur $450 in fees in preparing and serving a Fed. R. Bankr. P. 9011 motion that was never filed. Debtor's counsel admitted that the action was taken more to get the attention of Defendants' former counsel than to pursue sanctions. This is particularly true since attorney fees and costs were already compensable under 11 U.S.C. § 362(h). Although the Court understands the frustration counsel was experiencing at Defendants' former counsel's unresponsiveness, the Court concludes that these fees were unnecessary. Counsel's request is reduced by $450.

The Defendants also take issue with the time spent in preparing the motion for temporary restraining order. Although the law in the Ninth Circuit is that acts taken in violation of the stay are void rather than voidable, the Court disagrees with the Defendants that this necessarily means it is unreasonable for Debtor's counsel to actively seek to

MEMORANDUM DECISION - 5

discontinue the complained of act. It is often more costly and time consuming to remedy the situation after-the-fact, and there is also the possibility that a court may validate the act nunc pro tunc. The Court concludes that the time incurred with regard to the pleadings filed in order to obtain a restraining order are reasonable.

The Defendants argue that it was unreasonable for Debtor's counsel to spend 3.5 hours in preparing for and conducting the deposition of the Defendants' former counsel, when the examination itself took approximately one-half hour and essentially consisted of handing her a succession of documents that were undisputed. Although the deposition was brief, it is likely that Debtor counsel's explanation is correct that it was his preparation time that allowed the deposition to proceed quickly to the benefit of both parties. The Court concludes that the time related to the deposition is reasonable.

The Debtor seeks $821.25 in fees for responding to and attending a hearing on a motion for relief from stay sought by the Defendants in the Debtor's bankruptcy case. Such fees were not incurred as a result of the stay violation and are therefore not recoverable by the Debtor under 11 U.S.C. § 362(h).

The Defendants also challenge the time spent by Debtor's counsel preparing and filing the motion for reconsideration. Although the time spent on this task is only .75 hours, the Court agrees that the motion was unnecessary. Both the Memorandum Decision and Order made clear that a component of actual damages is attorney fees and that the Debtor incurred no actual damages in this case, other than attorney fees. The clarification sought by the motion for reconsideration was unnecessary.

The final point of contention is more of a general objection to the reasonableness of the fee request. The stay violation was discontinued approximately a year prior to trial. By the time the matter was actually heard, the Defendants contend that the only legitimate issues remaining were the reasonableness of the attorney fees and whether sanctions should be imposed. As there were no damages, other than attorney fees, the time spent for trial preparation and in trial were unnecessary. If the Debtor was properly mitigating his

MEMORANDUM DECISION - 6

damages, the matter should have proceeded directly to an evidentiary hearing limited to sanctions and the reasonableness of the attorney fees. In determining the reasonableness of a fee award under 11 U.S.C. § 362(h), this Court is required to "examine whether the debtor could have mitigated" his damages. Roman, 283 B.R. at 12.

Debtor's counsel counters that his motivation in pursuing this case to trial was the establishment of actual damages. At trial, however, the Debtor was unable to provide a scintilla of evidence that he suffered actual damages attributable to the stay violation, other than attorney fees. "The automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment." In re McHenry, 179 B.R. 165, 169 (9th Cir. BAP 1995). In this case, the Debtor could have mitigated his attorney fees by conceding early on that the damage claims were non-existent. The Court concludes that the attorney fees related to litigating those claims, for which there was no evidentiary support, were not reasonably incurred as a result of the stay violation.

The Debtor was also aware by February 25, 2005 (the date the Defendants filed their trial brief), that the Defendants no longer disputed that a willful stay violation had occurred. The only allegations that merited further review after that date were whether an award of sanctions was appropriate and the reasonableness of the fees. The entitlement to sanctions in this case was at the discretion of the Court and did not depend on any facts not already present in the record. A preponderance of the evidence suggests that the request for sanctions and attorney fees could have been disposed of in an expedited hearing at substantially less cost to both parties.

Based on the time records, it is difficult to ascertain what portion of the fees is attributable to the damage claims, other than fees, and what portion is attributable to establishing an entitlement to sanctions. The Debtor incurred $4,893.75 in attorney fees between February 18, 2005 and the trial date. As the fees are covered by separate time entries, the Court concludes that a reasonable attorney fee award for the sanction issue

MEMORANDUM DECISION - 7

is $750. The $750 also includes a reasonable fee for briefing the issue of whether a willful stay violation had occurred up to point that it was admitted. The remaining attorney fees for this period of time will be disallowed.

Neither party is entirely blameless for the amount of fees incurred in this case. The Defendants initiated the process by commencing an action without checking on the status of the Debtor's bankruptcy, failing to remedy the situation when they discovered that a stay violation had occurred, or even taking the simple step of responding to the Debtor's telephone calls or letters. The Defendants could have mitigated their damages by discontinuing the forfeiture immediately, admitting the stay violation and offering to pay the incurred attorney fees. Now they are responsible for $500 in sanctions, their own attorney fees, and a significant portion of the attorney fees incurred by the Debtor. The Debtor, on the other hand, aggressively pursued the case even after the forfeiture was discontinued, and after it presumably became evident that there were no actual damages suffered other than attorney fees and costs. Neither party prevails in such a situation.

For the reasons set forth above, the Court concludes that the Debtor is awarded $6,701.25 in fees and costs of $30 pursuant to 11 U.S.C. § 362(h). The $6,701.25 consists of the $12,285 sought, minus $450 for the Fed. R. Bankr. P. 9011 motion, $821.25 for responding to the motion for relief from stay, $168.75 for the motion for reconsideration, and $4,143.75 ($4,893.75 minus the $750 that is allowed) for time preparing for and attending the trial.

DATED: May 24, 2005

*Paul B. Snyder*
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 8